**In the Matter of MULTIPONICS, INCORPORATED, Debtor.**

**Harry ISBELL, Respondent-Appellant,**

**v.**

**Troyce GUICE and John L. C. Laslie, Co-Trustees, Petitioners-Appellees.**

**No. 71-2181**

**Summary Calendar.**\*

United States Court of Appeals,
Fifth Circuit.

Jan. 11, 1972.

\* ■ Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

John Pat. Little, Charles Schwartz, Jr., New Orleans, La., Gwin & Gwin, Natchez, Miss., Robert J. A. Williams, New Orleans, La., for respondent-appellant.

Peter J. Butler, Jr., New Orleans, La., for Guice and Laslie.

Jerry A. Brown, New Orleans, La., for Conn. Gen. Life Ins. and Northwestern Gen. Life Ins. Co.

George A. Kimball, Jr., New Orleans, La., for debtor.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the District Court for the Eastern District of Louisiana, requiring appellant to turn over certain properties to the trustees of a corporation involved in a Chapter X reorganization under the Bankruptcy Act, 11 U.S.C.A. § 501 et seq.

The district court found that Multiponics, Incorporated, the debtor corporation, is a farming corporation which carried out its principal business, not only on lands which it owned in fee, but also as the lessee of property. The court further found that on or about November 23, 1970, the debtor corporation allegedly leased all of the acreage which it owned or leased in the states of Louisiana, Mississippi and Arkansas to appellant. Appellant at that time was an officer and the general farm manager of debtor corporation. This lease was for a term of five years commencing January 1, 1971. The leased acreage comprised some 40,311 acres of land out of the total of 44,065 acres owned or leased by Multiponics. The district court con-

cluded that this lease and an alleged accompanying sale of a substantial portion of the equipment of debtor corporation was a sale or lease of substantially all of the assets of Multiponics, Incorporated, and "virtually stripped the debtor corporation of all its property and assets." The trustees for debtor corporation asserted that such a sale or lease of virtually all of the company's assets was an action for which the corporation, incorporated under the laws of the State of Delaware, needed stockholder approval, and was not such an action which the board of directors of Multiponics could validate by resolution. 8 Delaware Code, § 271.

■ On this appeal appellant challenges four specific fact findings[1] and contends that these findings are in error.

Having made an independent review, we conclude that these findings are not clearly erroneous.

■■ Appellant additionally asserts that reversible error was committed when the district court permitted the testimony of Trustee Laslie concerning the effect of the lease transaction on the corporate rehabilitation. We find no basis for reversal in the admission of Laslie's testimony, for erroneous, if it was, it was not material to the district court's decision. The court, sitting without a jury, found, regardless of the effect of the transaction on the prospects for corporate rehabilitation, that the sale and lease was of substantially all of the Delaware corporation's assets, and, as such, was subject to the pre-condition of shareholder approval imposed by Delaware law. In a trial to the court without a jury, it will be presumed that the trial court relied only on proper evidence in reaching its conclusions. United States v. 396 Corp., 264 F.2d 704 (2nd Cir., 1959), cert. den. 361 U.S. 817, 80 S.Ct. 60, 4 L.Ed.2d 64; Seaver v. U. S. Plywood Corp., 273 F.2d 36 (9th Cir., 1959).

The judgment of the district court is affirmed.

---

1. "(6) The 40,311 acres allegedly leased by the debtor corporation to Harry Isbell on or about November 23, 1970, constituted substantially all of its property and assets as of that date: the equipment of the debtor corporation which was allegedly sold to the same Harry Isbell in November or December of 1970, when coupled with the lease of nearly all of its lands, virtually stripped the debtor corporation of all of its property and assets.

\* \* \* \* \*

"(10) After the debtor corporation was allegedly stripped of all its assets and property, its Board of Directors did not even make an attempt to notify either the Debenture Holders or the Shareholders of the debtor corporation of this action.

"(11) Prior to November 23, 1970, the debtor corporation was not even remotely engaged in the practice of leasing its lands to other parties to farm. On that date, of the 44,065 acres owned or leased by the debtor corporation, only 1300 acres were leased by it to other farms. In fact, the debtor corporation, itself, was leasing over 12,000 acres from other parties to farm itself. Moreover, the debtor corporation owned equipment costing $2,934,019.00, a most substantial investment for a farm operation of this size.

"(12) Harry Isbell attempted to lease the subject lands of the debtor corporation, and purchase all, or substantially all, of its equipment, with no cash down payment. At this same time, he was an officer of the debtor corporation and its General Farm Manager. He also had arrangements to sub-lease to other parties most of the acreage which he himself leased for substantially greater rentals than he himself was obligated to pay to the debtor corporation. Harry Isbell flagrantly violated the fiduciary obligations which he owed to the debtor corporation, and sought to enrich himself at its expense."