**O. D. CAIN et al., Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 71-3073
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 12, 1972.

---

* ▮ Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

———————◆———————

H. A. Stephens, Jr., Atlanta, Ga., Joseph E. Cheeley, Buford, Ga., for petitioners-appellants; Brackett, Arnall & Stephens, Atlanta, Ga., of counsel.

Scott P. Crampton, Acting Asst. Atty. Gen., Meyer Rothwacks, Atty., Tax Div., Dept. of Justice, Washington, D. C., K. Martin Worthy, Chief Counsel, Raymond W. Sifly, Internal Revenue Service, Washington, D. C., Richard W. Perkins, Wesley J. Filer, Attys., Tax Div., Dept. of Justice, Washington, D. C., for respondent-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

Between 1950 and 1956 taxpayers-appellants constituted the Board of Commissioners of Roads and Revenues for Gwinnett County, Georgia. On November 21, 1955, they awarded a contract for construction of a county-wide water system to Buchanan Pipe Line Company at a public letting in the Gwinnett County courthouse. The Commissioner of Internal Revenue believed that in the calendar year 1956 taxpayers received $53,024.36 in "kickbacks" from Buchanan, which was not reported in their income tax returns for that year. On June 25, 1962, taxpayers were indicted for filing false and fraudulent tax returns in violation of 26 U.S.C. § 7201. Taxpayer Archer was tried to a jury and acquitted. The charges against Cain and Dover were dismissed by the Government because the evidence to be presented in their cases was the same as that presented in Archer's case.

In 1966 the Commissioner issued deficiency notices for the year 1956 against taxpayers, asserting taxable income from the Buchanan payoff, as well as a 50% addition to the tax under § 6653(b) of the Internal Revenue Code because of a determination that part of the underpayment was due to fraud.

The United States Tax Court sustained the Commissioner's deficiency determinations on the finding that taxpayers received income in the form of kickbacks from Buchanan and the finding of clear and convincing evidence that part of the underpayment of taxes was due to fraud.[1]

 The first issue raised on appeal by taxpayers is that the Tax Court committed reversible error by receiving hearsay testimony concerning an attempt to locate an engineer who would be cooperative in arranging the kickbacks. Assuming arguendo that the testimony in question was offered to show the truth of the matters asserted, this would not constitute prejudicial error in light of taxpayers' failure to show that the court was thereby induced to make an incorrect finding on the question of whether or not they received the kickbacks from Buchanan. In non-jury cases an appellate court will not reverse for the erroneous reception of evidence unless there is an insufficiency of competent evidence, or the trial court was induced by incompetent evidence to make an essential finding it would not otherwise have made. Holt v. Sarver, 442 F. 2d 304, 307 (8th Cir., 1971); Western Transmission Corp. v. Colorado Mainline, Inc., 376 F.2d 470, 474 (10th Cir., 1967). See In re Multiponics, Inc., 453 F.2d 853, 855 (5th Cir., 1972); Robey v. Sun Record Co., 242 F.2d 684, 689 (5th Cir., 1957). The fact that taxpayers were seeking a "cooperative" engineer was well corroborated by other testimony. There was abundant competent evidence upon which the court below could rely.

1. The Tax Court relieved the wives of Dover and Cain from liability because the amount omitted from gross income was in excess of 25% of the gross income reported, and the wives neither knew nor had reason to know of the omissions. See § 6013(e) of the Internal Revenue Code.

Finally, taxpayers-appellants challenge the Tax Court's finding that each had realized income from kickbacks during the year in question. We have carefully examined the record and conclude that the court below was not clearly erroneous in its findings of fact, resolution of conflicts in testimony and evaluation of the credibility of witnesses. The court's very thorough and well reasoned opinion is reported at P-H Memo T.C. ¶ 71045.

The judgment of the Tax Court is affirmed.