[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11533

_____

Agency No. 367-12

VIDAL SURIEL,

Petitioner - Appellant,

versus

COMMISSIONER OF IRS,

Respondent - Appellee.

_____

Petition for Review of a Decision of the
U.S. Tax Court

_____

(April 9, 2015)

Before HULL and DUBINA, Circuit Judges, and BOWEN,[*] District Judge.

PER CURIAM:

_____

[*] Honorable Dudley H. Bowen, Jr., United States District Judge for the Southern District of Georgia sitting by designation

Vidal Suriel petitions for review of the United States tax court's decision that he is liable for $40.62 million in tax deficiencies for taxable years 2004 and 2006.

Suriel raises three issues in his petition:  (1)  whether the tax court erred by imposing an adverse inference against him for failing to present a witness from Protabaco to corroborate testimony about Vibo Corporation's reasons for joining the Tobacco Master Settlement Agreement (MSA); (2) whether the tax court erred in determining that Vibo could not deduct its MSA payment obligations under I.R.C. § 468B; and, relatedly, (3) whether the tax court erred by failing to analyze Vibo's MSA payments under I.R.C. § 461.

We review the tax court's application of the federal tax code *de novo* and its factual findings for clear error.  *Campbell v. Comm'r*, 658 F.3d 1255, 1258 (11th Cir. 2011).  The credibility of a witness is a question for the factfinder and thus is reviewed for clear error.  *See Blohm v. Comm'r,* 994 F.2d 1542, 1552 (11th Cir. 1993).

We agree with Suriel that the tax court should not have found that Suriel was subject to an adverse inference for failing to present a witness from Protabaco to corroborate the testimony that Vibo joined the MSA because of pressure from the Colombian tobacco manufacturer.  Although we conclude that this was error, based

2

on our precedents regarding nonjury trials, our case law makes it clear that the improper admission or exclusion of evidence is harmless "unless there is an insufficiency of competent evidence, or the trial court was induced by incompetent evidence to make an essential finding it would not otherwise have made." *Cain v. Comm'r*, 460 F.2d 1243, 1244 (5th Cir. 1972); *see also Airlift, Inc. v. United States*, 460 F.2d 1065 (5th Cir. 1972).[1]  Based on our review of the record, it becomes clear to us that there was sufficient competent evidence to support the tax court's conclusion that Vibo voluntarily entered into the MSA for financial reasons rather than at the behest of Protabaco.  Accordingly, we conclude that the tax court's error was harmless.

Except for the adverse inference error, we deny Suriel's petition for review based on the well-reasoned opinion of the tax court.  *Suriel v. Comm'r*, 141 T. C. 507 (2013).

PETITION DENIED.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent the decisions of the former Fifth Circuit issued before October 1, 1981.